IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eric Alan Sanders,<br><br>            Plaintiff,<br><br>v.<br><br>Burr, Forman, McNair; Wm Grayson Lambert; Richard J. Morgan; Michael Angelo Calzaretta; Rayvon Irby; Reuben Daniels; Franchine Michaelson; Tomas M. Colclough; Cynthia L. Hodge; and Patricia Fuller,<br><br>            Defendants. | Case No.: 3:19-CV-02560-SAL<br><br><br>**OPINION AND ORDER** |

      This matter is before the Court for review of the October 31, 2019 Report and Recommendation of United States Magistrate Judge Paige J. Gossett (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civ. Rule 73.02 (D.S.C.). *See* ECF No. 10. In the Report, the Magistrate Judge recommends summarily dismissing this action without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff has failed to state a claim on which relief may be granted. Plaintiff did not file any objections to the report and the time to do so has passed. Finding no clear error in the report, it is adopted in its entirety. Plaintiff additionally filed two Motions to Appoint Counsel, *see* ECF Nos. 14, 20; however, for the reasons stated herein, those motions are denied.

      **I.    Background**

      Plaintiff filed an employment discrimination lawsuit in this Court against Lowe's Home Centers, LLC ("Lowe's) in 2015. *See* C/A No. 0:15-cv-02313-JMC. The defendant in that action was awarded summary judgment. *See* ECF No. 1 at 7. In 2017, Plaintiff filed a workers'

1

compensation claim in state court against Lowe's in which Plaintiff was apparently ultimately denied benefits. *Id.* In his Complaint, Plaintiff claims that Defendants and several employees of the Equal Employment Opportunity Commission ("EEOC") denied Plaintiff's Freedom of Information Act ("FOIA") request for information that was relevant to Plaintiff's 2015 and 2017 lawsuits. *Id.* Plaintiff also asserts, among other claims, that the Defendants' conduct amounted to retaliation, intimidation, coercion, and interference in violation of § 12203 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

The Magistrate Judge thoroughly analyzed each of Plaintiff's claims, *see* ECF No. 10 at 4-7, and concluded that Plaintiff failed to state any claim on which relief may be granted. The Court agrees, and, finding no clear error, adopts the Report in whole.

## II.     Discussion

### A.     Recommendation of Dismissal

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

The Court has thoroughly reviewed the Report, the applicable law, and the record in this case and finds no clear error in the Report. Accordingly, it is adopted in its entirety and this

action is dismissed without prejudice and without issuance and service of process.

### B. Motions to Appoint Counsel

Plaintiff filed two Motions to Appoint Counsel in this action after the Magistrate Judge issued her Report. ECF Nos. 14, 20. Plaintiff has failed to present exceptional circumstances warranting an appointment, however, and the motions are denied.

28 U.S.C. § 1915(e)(1) authorizes courts to "request an attorney to represent any person unable to afford counsel." There is no absolute right, however, to appointment of counsel in a civil case. To warrant an appointment, an indigent plaintiff must present "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (citing *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975)). The question of whether exceptional circumstances exist is a function of "the characteristics of the claim and the litigant." *Id.* The Fourth Circuit has indicated that a claim must be "colorable," and if an indigent plaintiff "lacks the capacity to present it, the district court should appoint counsel to assist him." *Id.* (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978)).

A review of the record discloses that exceptional circumstances are not present, and the Court declines to exercise its discretion to appoint counsel in this action. Plaintiff's Motions to Appoint Counsel are accordingly denied.

### III. Conclusion

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report, ECF No. 10, and adopts it in its entirety. Accordingly, this action is DISMISSED without prejudice and without issuance and service of process. Additionally, Plaintiff's Motions to Appoint Counsel, ECF Nos. 14, 20, are DENIED.

IT IS SO ORDERED.

                                                <u>/s/Sherri A. Lydon</u>
                                                United States District Judge

June 11, 2020

Florence, South Carolina